UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FILIPPO ELEUTERI,<br><br>                               Petitioner,<br><br>     v.<br><br>GREGORY J. ARCHAMBAULT, *et al.*,<br><br>                              Respondents. | Case No. 25-cv-03620-BAS-DDL<br><br>**ORDER:**<br><br>**(1) DISMISSING AS MOOT PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1);**<br><br>**(2) DENYING AS MOOT EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER (ECF No. 2); AND**<br><br>**(3) DENYING AS MOOT SUPPLEMENTAL EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION (ECF No. 11)** |

      Petitioner Filippo Eleuteri filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) In his Petition, Petitioner claims that he is being detained by Immigration and Customs Enforcement ("ICE") in violation of the Immigration and

Nationality Act, the Fifth Amendment, and the Administrative Procedure Act. (*Id.*) The Government filed a Return (ECF No. 8), and Petitioner filed a Traverse (ECF No. 10). Petitioner also filed two motions seeking preliminary relief. (ECF Nos. 2, 11.) For the following reasons, the Court finds the Petition is moot in light of Petitioner's release from custody and denies his motions seeking preliminary relief.

I. **LEGAL STANDARD**

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). The writ is available to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

II. **STATEMENT OF FACTS**

Petitioner is an Italian national. (Pet. 1, ECF No. 1.) At the time he filed the Petition, he was detained at the Otay Mesa Detention Center. (*Id.*) Petitioner alleges he lawfully entered the United States, married a U.S. citizen, and sought to modify his immigration status. (*Id.*) However, despite a pending Form I-485 application for adjustment of status, ICE detained Petitioner on December 11, 2025. (*Id.*)

After the Petition was filed on December 16, 2025, the case moved quickly. The Court promptly reviewed the Petition and the accompanying Emergency Motion for a Temporary Restraining Order ("TRO"). (ECF No. 2.) On December 17, 2025, the Court consolidated the TRO Motion with the Petition and ordered the Government to respond before Christmas Day. (ECF No. 3.) Petitioner asked the Court to accelerate the response deadline, and on December 18, 2025, the Court ordered the Government to instead respond by December 22, 2025. (ECF No. 6.)

On Friday, December 19, 2025, Petitioner informed the Court that the Government had set a bond hearing for Monday, December 22, 2025. (ECF No. 7.) On December 22, 2025, the Government filed its Return to the Petition. (ECF No. 8.)

In its Return, the Government submits that Petitioner was detained while attempting to enter Marine Corps Base Camp Pendleton. (ECF No. 8.) The Government claims Petitioner failed to maintain his F-1 student visa status, and his pending Form I-485 does not provide lawful immigration status. (*Id.*) Therefore, the Government submits that Petitioner was placed in removal proceedings and detained pursuant to 8 U.S.C. § 1226(a), which entitled him to a bond hearing before an Immigration Judge. (*Id.*) At that hearing on December 22, 2025, the Immigration Judge ordered that Petitioner be released "from custody under bond of $1,500.00 [and] . . . with alternatives to detention" at the discretion of the Department of Homeland Security ("DHS"). (ECF No. 8-3.)

Petitioner is no longer in immigration custody. Considering this fact, the Court found it appropriate to issue an Order to Show Cause Regarding Mootness ("OSC"). (ECF No. 9.) Hence, on December 23, 2025, the Court ordered Petitioner to file a response by December 29, 2025, addressing whether the Petition is moot. (*Id.*) Petitioner responded by filing a Supplemental Emergency Motion for Temporary Restraining Order or Preliminary Injunction. (ECF No. 11.) The Court construes this Supplemental Motion as a response to the OSC and now turns to the question of mootness.[1]

## III. ANALYSIS

The Government argues the Petition is moot because Petitioner is no longer in immigration custody. (ECF No. 8.) Further, to the extent Petitioner is raising other claims, the Government argues those claims cannot proceed under the habeas statute. (ECF No. 8.) Petitioner contends the Petition is not moot because he may be re-detained, and he

---

[1] In the Supplemental Motion, Petitioner wrongly argues that the Government failed to respond to the OSC. (ECF No. 11 ("This filing is necessitated by Respondents' failure to comply with this Court's Order to Show Cause re: mootness." (emphasis omitted)).) The OSC required Petitioner, not Respondents, to address whether his Petition is moot. (ECF No. 9.)

argues there are collateral consequences from his detention. (ECF No. 11.) He also asks the Court to retain jurisdiction so that he may seek attorneys' fees. (*Id.*)

### A. Jurisdiction

Initially, the Court agrees with the Government that this Court lacks jurisdiction to review the decision to commence removal proceedings against Petitioner. Section 1252(g) states that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g); *see also* 8 U.S.C. § 1252(b)(9); *Alvarez-Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (noting Congress intended the circuit courts to be "the 'sole' judicial body able to review challenges to final orders of deportation, exclusion, or removal"). There is no doubt that Petitioner contests the Government's decision to commence removal proceedings against him. However, this Court lacks jurisdiction to consider a challenge to that decision. *See* 8 U.S.C. § 1252(g); *see also, e.g.*, *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482–84 (1999).

That said, district courts can review the legality of immigration detention in certain circumstances. *See, e.g.*, *Vasquez-Garcia v. Noem*, __ F. Supp. 3d __ , 2025 WL 2549431, at *3–4 (S.D. Cal. 2025); *see also Flores-Torres v. Mukasey*, 548 F.3d 708, 713 (9th Cir. 2008) (reasoning the district court had habeas jurisdiction over a claim challenging immigration detention based on U.S. citizenship); *Zadvydas v. Davis*, 533 U.S. 678, 702 (2001) (concluding prolonged immigration detention following a final order of removal is subject to review under the Due Process Clause). Indeed, where the Government has wrongly determined that a detainee is subject to mandatory detention without bond under 8 U.S.C. § 1225(b)(2)(A), this Court and others have ordered an individualized bond determination before an Immigration Judge. *See, e.g.*, *Vasquez-Garcia*, 2025 WL 2549431, at *8.

At the time the Petition was filed, Petitioner was in immigration custody in this District and challenging his detention. Therefore, the Court finds it has jurisdiction over

the Petition, but that jurisdiction is limited to determining the legality of Petitioner's detention, including whether he is being detained without a bond determination.

### B. Mootness

Although the Court has jurisdiction over Petitioner's habeas claim, that claim is now moot. "Failure to satisfy Article III's case-or-controversy requirement renders a habeas petition moot." *Mujahid v. Daniels*, 413 F.3d 991, 994 (9th Cir. 2005). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). "Generally, a petition for habeas corpus becomes moot should a prisoner be released from custody before the court has addressed the merits of the petition." *Zal v. Steppe*, 968 F.2d 924, 926 (9th Cir. 1992); *accord Munoz v. Rowland*, 104 F.3d 1096, 1097–98 (9th Cir. 1997) ("Because [the petitioner] has been released . . . , we can no longer provide him the primary relief sought in his habeas corpus petition.").

Here, Petitioner received an individualized bond determination before an Immigration Judge. He has been released from immigration custody. Therefore, the Court "can no longer provide him the primary relief sought in his habeas corpus petition," and his Petition is moot. *See Munoz*, 104 F.3d at 1097–98; *see also, e.g.*, *Singh v. Bowen*, No. 5:25-CV-03034-CAS-PD, 2025 WL 3679185, at *1 (C.D. Cal. Dec. 18, 2025) (dismissing as moot petition where petitioner was released from immigration custody).

In anticipating this outcome, Petitioner invokes an exception to the mootness doctrine. (ECF No. 1.) He argues the prospect of his re-detention means the action is not moot. An action that is capable of repetition, yet evading review, is an exception to the mootness doctrine. *Wolfson v. Brammer*, 616 F.3d 1045, 1053 (9th Cir. 2010). The exception applies when "(1) the duration of the challenged action is too short to allow full litigation before it ceases, and (2) there is a reasonable expectation that the plaintiff[] will be subjected to it again." *Greenpeace Action v. Franklin*, 14 F.3d 1324, 1329 (9th Cir. 1992). The Court is unconvinced that this exception applies. Petitioner was given an individualized bond hearing, and the Government agrees that he is not subject to mandatory

detention. (ECF No. 8.) Therefore, on this record, the Court finds there is not a "reasonable expectation" that Petitioner "will be subjected to [the challenged action] again." *See Greenpeace Action*, 14 F.3d at 1329.

Petitioner also argues there are collateral consequences to his detention because he is subject to electronic monitoring and reporting obligations following his release. (ECF No. 11.) "For a habeas petition to continue to present a live controversy after the petitioner's release," the court must find there is "some remaining 'collateral consequence' that may be redressed by success on the petition." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007). Thus, "where the grounds for habeas relief will not redress collateral consequences, a habeas petition does not continue to present a live controversy once the petitioner is released from custody." *Id.* One such example is where "a petitioner's release from detention under an order of supervision 'moot[ed] his challenge to the legality of his extended detention.'" *Id.* (alteration in original) (quoting *Riley v. INS*, 310 F.3d 1253, 1256–57 (10th Cir. 2002)).

In this case, the Court is unpersuaded that success on the Petition would redress the collateral consequences that Petitioner raises—namely, him being subject to conditions of release. If the Court had granted the Petition, the Court would have ordered an individualized bond hearing before an Immigration Judge. *See, e.g.*, *Kavosi v. LaRose*, No. 25-cv-03288-BAS-MMP, 2025 WL 3677671, at *5 (S.D. Cal. Dec. 18, 2025) (ordering an individualized bond hearing within fourteen days for immigration detainee). This Court would not have dictated the conditions of release. Nor would it have entertained a premature challenge to the bond determination.[2] Consequently, Petitioner's collateral consequences argument is unavailing.

---

[2] Once a non-citizen has received a bond hearing before the Immigration Judge, the non-citizen may appeal the decision to the BIA. *Leonardo v. Crawford*, 646 F.3d 1157, 1159 (9th Cir. 2011) (citing *Casas-Castrillon v. Dep't of Homeland Sec.*, 535 F.3d 942 (9th Cir. 2008)). If the non-citizen "is dissatisfied with the BIA's decision, he may then file a habeas petition in the district court, challenging his continued detention." *Id.* Where a non-citizen does not follow this course, and thus does not exhaust his administrative remedies before pursuing habeas relief, "a district court ordinarily should either dismiss

Finally, Petitioner's request for attorneys' fees does not create a live controversy. "[A]n 'interest in attorney's fees is, of course, insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim.'" *Thole v. U. S. Bank N.A*, 590 U.S. 538, 541 (2020) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 480 (1990)). Therefore, upon closing the case, the Court will set a deadline for any motion for attorneys' fees. *See* Fed. R. Civ. P. 54(d). However, any forthcoming fee request does not save the Petition from being moot.

### IV.   CONCLUSION

For the reasons stated above, the Court finds the Petition for Writ of Habeas Corpus is moot following Petitioner's release from immigration custody. The Court **DISMISSES WITHOUT PREJUDICE** the Petition. Further, because the Petition is moot, the Court **DENIES AS MOOT** Petitioner's Motion for Temporary Restraining Order (ECF No. 2) and Supplemental Emergency Motion for Temporary Restraining Order or Preliminary Injunction (ECF No. 11).

If Petitioner wishes to submit a request for attorneys' fees, then it must be filed within fourteen days of this Order and comply with this Court's Standing Order for Civil Cases. Pursuant to that Standing Order, the Court **ORDERS** Petitioner to meet and confer with the Government's counsel before filing a motion for attorneys' fees.

Finally, the Clerk of Court shall close this case.

**IT IS SO ORDERED.**

**DATED: December 31, 2025**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

---

the petition without prejudice or stay the proceedings until the petitioner has exhausted [his] remedies, unless exhaustion is excused." *Id.* at 1160.